# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

TREMAYNE WATSON,         :
            :
        Plaintiff       :
            :
      VS.          :
            :
Deputy Warden JUNE BISHOP;   :
MICHAEL KYLES;         :
ALEXANDER DANIELS;      :
LASHANDA AMOS;        :
SHAUNTAVIUS BLASSINGAME; :
EVAN WILLIAMS;         :
JACKSON;            :   NO. 5:12-CV-451 (CAR)
JOHN AND/OR JANE DOES,    :
            :
      Defendants   :   **ORDER AND RECCOMENDATION**

Plaintiff **TREMAYNE WATSON**, an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee.   Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).   Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation.   The Clerk of Court is directed to send a copy

of this Order and Recommendation to the business manager of the Georgia Diagnostic and Classification Prison.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless."   *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be

2

viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).  *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

A.  Claims that are currently pending in *Gholston v. Humphrey*, 5:12-CV-97 (MTT)

Plaintiff explains that he is a mental health inmate incarcerated in the Special Management Unit at the Georgia Diagnostic and Classification Prison.   (Doc. 1-1 at 3).   He alleges that his mental health profile requires that he be housed in a "supportive living unit . . . according to the Georgia Department of Corrections Standard Operating Procedures Policy." (Doc. 1-1 at 3).   Plaintiff states that the Defendants have refused to have him properly classified

3

and housed.   According to Plaintiff, Defendant June Bishop has "made it known on several occasions" that he will not be allowed to leave the Special Management Unit.   (Doc. 1-1 at 3). He also states that his life is in danger because "June Bishop and Doe order their agents to use handcuffs as brass knuckles to cause serious injuries while carrying out excessive force on inmates."   (Doc. 1-1 at 4).   Additionally, Plaintiff claims that June Bishop is having his personal property illegally confiscated. (Doc. 1-1 at 4).

This is not the first time that Plaintiff has made these allegations.   On April 5, 2012, Plaintiff filed a 42 U.S.C. § 1983 action in this Court in which he alleged that he was improperly classified and being improperly confined in the Special Management Unit at Georgia Diagnostic and Classification Prison.   *Watson v. Humphrey*, 5:12-CV-128 (MTT).   He complained that "[t]he Defendants has (sic) ordered, condoned, and conspired with their agents to use handcuffs as brass knuckles on inmates."   (Doc. 1 at 6).   Additionally, Plaintiff alleged that his "property is consistently confiscated for months at a time without any type of hearing."   (Doc. 1 at 5). He requested damages, to be "properly classified," and to be removed from the Special Management Unit.   (Doc. 1 at 7).   Plaintiff named June Bishop as a Defendant in *Watson v. Humphrey*, 5:12-CV-128 (MTT).

On November 1, 2012, the district court granted the United States Magistrate Judge's Recommendation to consolidate *Watson v. Humphrey*, 5:12-CV-128 (MTT) with eleven other cases in which the Plaintiffs made these identical allegations.   *Gholston v. Humphrey*, 5:12-CV-97 (MTT).   These consolidated cases remain pending.   Because Plaintiff is currently litigating these identical claims in another case, he need not litigate them in this case as well. As part of its overall power to administer its docket, a district court can dismiss claims that are

duplicative of those pending in another suit.   "[T]he general principle is to avoid duplicative litigation."   *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)

Consequently, it is **RECOMMENDED** that these three claims be **DISMISSED** as duplicative:   (1) Plaintiff's claim that he is improperly confined in the Administrative Segregation Unit at the Georgia Diagnostic and Classification Prison; (2) Plaintiff's claim that June Bishop and Doe order their agents to use handcuffs as brass knuckles to cause serious injuries while carrying out excessive force on inmates; and (3) Plaintiff's claim that June Bishop is having his personal property illegally confiscated.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

B.   Remaining claims

Plaintiff states that on February 20, 2012, he and fellow inmate Dean Gholston were in separate shower stalls and Gholston refused to close the "flap" on his shower door. According to Plaintiff, no inmate movement should be allowed until all "flaps" are closed. Plaintiff claims that Defendant Jackson gave Inmate Gholston a razor but did not require that he close the "flap" of his shower door.   (Doc. 1-1 at 3). Plaintiff explains that when Defendants Jackson and Evan Williams arrived to escort him from the shower, Officer Williams "bumped" him, intentionally "pushing him into" Gholston's reach. (Doc. 1-1 at 4, 7). Plaintiff states that Gholston grabbed his arm through the open flap and cut him with the razor that Officer Jackson had given him. (Doc. 1-1 at 4). Plaintiff claims he received 54 stitches on his right forearm following the assault.

Plaintiff maintains that Defendants June Bishop, Evan Williams, and Jackson conspired with Gholston to harm Plaintiff.   (Doc. 1-1 at 6).   He claims that Gholston went along with their plan because they promised that he would be transferred if he cut Plaintiff.   Plaintiff alleges that Bishop, Williams, and Jackson set up this attack to retaliate against him for filing both grievances and a previous civil rights action.   (Doc. 1-1 at 7).

Plaintiff explains that his mental health profile requires that he not have possession of any razors, sharp objects, or pointed objects.   (Doc. 1-1 at 4).   Plaintiff states that on March 27, 2012 Defendant Evan Williams gave him three razors and ordered him to shave.   (Doc. 1-1 at 4).   Plaintiff alleges that he requested to see Lashanda Amos, his mental health counselor, but she "never appeared."   (Doc. 1-1 at 5).   Plaintiff claims that he "felt pressured," which caused him to cut his left arm with one of the razors.    The cut, according to Plaintiff, required stitches.

Plaintiff claims that on April 5, 2012, he cut himself in front of Defendants June Bishop and Lashanda Amos with a razor that Defendant Alexander Daniels had given him.   (Doc. 1-1 at 5).   Plaintiff alleges that they refused to get him medical treatment.

According to Plaintiff, Defendants Michael Kyles, Alexander Daniels, and Doe "sprayed a whole can of chemical agent in [his] cell" while he was "heavily sedated by several psychotic medications."   (Doc. 1-1 at 5).   Plaintiff alleges that Defendants Kyles, Daniels, Doe, and Shauntavious Blassingame entered his cell and beat him in the head and face.   (Doc. 1-1 at 5).   Plaintiff states he was knocked "unconscious . . . three times."   (Doc. 1-1 at 5).   Plaintiff claims he awoke in a puddle of his own blood, completely naked, with leg irons and handcuffs on.   The complaint shows that over three hours later, Plaintiff was examined by an unnamed nurse and taken to the emergency room of a local hospital.   Plaintiff claims he was diagnosed

with bone fractures to his right eye socket, nose, and sinus cavity.   Plaintiff states that he was subsequently referred to an ear, nose, and throat specialist and a plastic surgeon at Augusta State Medical Prison.   Plaintiff claims that a doctor at Augusta State Medical Prison informed him that he may need surgery on his right eye.

Plaintiff seeks damages and injunctive relief.

In relation to the Doe Defendants, "fictitious-party pleading is not permitted in federal court."   *Richardson v. Johnson*, 598 F.3d 734, 738 (2010) (citing *New v. Sports & Rec., Inc*., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)).   Plaintiff must provide either the names of the proposed Defendants or provide descriptions so specific that it will allow the Defendants to be identified and to be personally served.   Plaintiff's description of John and/or Jane Doe is "insufficient to identify the [D]efendant[s] among the many guards employed at" the Georgia Diagnostic and Classification State Prison.   ***Richardson***, 598 F.3d at 738.

Consequently, it is **RECOMMENDED** that John and/or Jane Does be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Plaintiff has alleged sufficient facts so that these remaining claims against Defendants **BISHOP, KYLES, DANIELS, AMOS, BLASSINGAME, WILLIAMS, AND JACKSON** should proceed beyond the frivolity review. It is hereby **ORDERED** that service be made against Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915,

and the ***Prison Litigation Reform Act***.1 **Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

## DUTY TO ADVISE OF ADDRESS CHANGES

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is

---

1 Service will be made upon these Defendants as required by law.   Therefore, Plaintiff's Motion for Summons (Doc. 6) is **DENIED** as unnecessary.

not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that

no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income

credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the Prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 28th day of March, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

11