IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TREMAYNE WATSON,** | : | |
| Plaintiff, | : | |
| v. | : | No. 5:12-cv-451 (CAR) (CHW) |
| **Deputy Warden JUNE BISHOP,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court in this *pro se* prisoner § 1983 action are two motions to dismiss. (Docs. 48, 50). Defendant Williams asks the Court to dismiss one of the claims against him for failure to exhaust. (Doc. 48). Defendant Amos asks the Court to dismiss both of the claims against her based on failure to exhaust and failure to state a claim upon which relief may be granted. (Doc. 50).

Because Plaintiff Tremayne Watson appears to have exhausted his administrative remedies regarding the claim at issue against Defendant Williams, it is **RECOMMENDED** that Defendant Williams' Motion to Dismiss (Doc. 48) be **DENIED**. However, because Plaintiff failed to state a claim upon which relief may be granted in one of his claims against Defendant Amos, and because he failed to exhaust his administrative remedies regarding his other claim, it is **RECOMMENDED** that Defendant Amos' Motion to Dismiss (Doc. 50) be **GRANTED**.

1

**BACKGROUND**

Plaintiff's current § 1983 claims[1] arise out of four separate occurrences, two of which are relevant to the pending motions to dismiss:

1. On March 27, 2012, Plaintiff alleges that Defendant Williams gave Plaintiff three razors and instructed him to shave. Plaintiff is currently housed in the Special Management Unit of the Georgia Diagnostic and Classification Prison (GDCP), and he claims that his mental health profile requires that he "not be given any razors [or] sharp or pointed objects." After he was given razors by Defendant Williams, Plaintiff alleges that he asked for Defendant Amos, his mental health counselor, but that Amos "never appeared." As a result, Plaintiff claims that he "became very agitated," "felt pressured," and finally "cut [his] left forearm with one (1) of the razors." (Doc. 1-1, pp. 4-5).

2. On April 5, 2012, Plaintiff alleges that he showed Defendant Amos a razor, and then cut his arm with that razor in the presence of Defendant Amos. According to Plaintiff, Defendant Amos "walked off without taking the proper steps." (Doc. 1-1, p. 5).

**AVAILABLE ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act requires that prisoners exhaust "such administrative remedies as are available" prior to pursuing a § 1983 lawsuit. 42 U.S.C. § 1997e(a). As a result, "when a state provides a grievance procedure for its prisoners, an inmate alleging harm suffered from prison conditions must . . . exhaust the remedies available under that [grievance] procedure." *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008). Claims that are not properly exhausted must be dismissed.

The GDCP, where Plaintiff is currently housed, provides prisoners with a three-step grievance procedure:

---

[1] Currently pending in *Gholston v. Humphrey*, 5:12-cv-97 (MTT), a consolidated action, are additional § 1983 claims filed by Plaintiff. *See Watson v. Humphrey*, 5:12-cv-128 (MTT).

1. <u>Informal grievances</u> "must be filed no later than **10 calendar days** from the date . . . of the facts giving rise to the grievance." (GDOC SOP VI B 5).
2. <u>Formal grievances</u> must be filed "within **5 business days** of the inmate's receipt of the written resolution of his Informal Grievance." (GDOC SOP VI. C. 2).
3. <u>Appeals</u> must be filed within "**5 business days** from the date [the inmate] receives the Warden/ Superintendent's response to his Formal Grievance." (GDOC SOP VI. D. 2).

## PENDING MOTIONS TO DISMISS

Defendant Williams asks the Court to dismiss only one of the claims against him: the claim arising out of the March 27 occurrence. He asks the Court to dismiss solely on failure-to-exhaust grounds. (Doc. 48).

Defendant Amos asks the Court to dismiss both of the two claims against her: one arising out of the March 27 occurrence, and the other arising out of the April 5 occurrence. She asks the Court to dismiss each claim on both failure-to-exhaust and failure-to-state-a-claim grounds. (Doc. 50).

## STANDARD OF REVIEW

Motions to dismiss for failure to exhaust are properly brought under Rule 12(b). *Bryant v. Rich*, 530 F.3d at 1375-76. Although the failure-to-exhaust defense is not jurisdictional in nature, exhaustion is ordinarily "a precondition to adjudication on the merits." *Id.* at 1374. Therefore, Rule 12(b) exhaustion motions are different from, and should be considered prior to, Rule 12(b)(6) motions for failure to state a claim, which "are generally decided on the merits." *Id.* at 1376, n. 12. Furthermore, because Rule 12(b) exhaustion motions are normally "held in abatement," Courts may make factual findings necessary to their resolution. *Id.* at 1376.

The resolution of motions to dismiss for failure to exhaust involves a two-step process. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). At step one, the Court "looks to the

3

factual allegations . . . and if they conflict, [the Court] takes the [P]laintiff's version of the facts as true." *Id.* If the defendant is nevertheless entitled to have the complaint dismissed for failure to exhaust administrative remedies, the Court must dismiss the complaint. *Id.* If, however, the complaint is not subject to dismissal at step one, the Court proceeds to step two, where it "make[s] specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* At step two, "[t]he defendants bear the burden of proving that the plaintiff . . . failed to exhaust his available administrative remedies." *Id.*

## THE MARCH 27 INCIDENT

On March 27, 2012, Defendant Williams allegedly provided Plaintiff with razors in violation of Plaintiff's mental health profile, which provides that Plaintiff "not be given any razors [or] sharp or pointed objects." Plaintiff claims that he called for Defendant Amos, his mental health counselor, but that Amos "never appeared," causing Plaintiff to cut himself with one of the razors.

### EXHAUSTION

Defendants Amos and Williams both argue that Plaintiff failed to exhaust his administrative remedies regarding the claims arising out of the March 27 occurrence, but they differ in their arguments as to why Plaintiff failed to exhaust.

Defendant Amos simply claims that "Plaintiff did not [file an] appeal." (Doc. 50-1, p. 5). She supports this argument with the Affidavit of Gary Caldwell, the GDCP Grievance Coordinator, who claims that Plaintiff "did not file an appeal regarding Grievance No. 115308," the grievance relevant to the March 27 occurrence. (Doc. 50-2, p. 5).

Defendant Williams, on the other hand, claims that "[a]lthough [Plaintiff] did file an appeal, his appeal was rejected because it was not timely filed." (Doc. 48-1, p. 6). Records submitted by Defendant Williams show that Plaintiff:

1. filed a timely informal grievance on March 29, 2012 (Doc. 48-4, p.2);
2. filed a timely formal grievance on April 4, 2012 (Doc. 48-4, p. 3); and
3. filled out a Grievance Appeal Form ("appeal form") (Doc. 48-4, p. 5).

Plaintiff's appeal form is dated "5/23/12," the same date as Plaintiff's acknowledgement of receipt of the "Warden/ Superintendent's Response" to Plaintiff's formal grievance. (Doc. 48-4, p. 3). The GDOC Standard Operating Procedure provides that grievance appeals must be filed within "**5 business days** from the date [an inmate] receives the Warden/ Superintendent's response to his [or her] Formal Grievance." Accordingly, Plaintiff was required to file his appeal on or before May 28, 2012.

A grievance rejection form dated "5/30/12" states that Plaintiff failed to appeal in a timely manner, (Doc. 48-4, p. 6), but neither this form nor the accompanying affidavit of Lesley Medlock, a general population counselor, indicates when Plaintiff filed his appeal. (Doc. 48-4, p. 7). The only recorded date to indicate when the appeal was filed is thus the date on Plaintiff's appeal form, May 23, 2012, a date within the time frame for filing a timely appeal.

On these facts, the Defendants have not met their burden of showing, at step two of the *Turner* review process, that Plaintiff failed to exhaust his administrative remedies. Since Defendant Williams' only argument is that Plaintiff failed to exhaust his administrative remedies regarding the March 27 occurrence, Williams' Motion to Dismiss should be denied. Defendant Amos, however, also argues that Plaintiff failed to state a claim.

5

## FAILURE TO STATE A CLAIM

Liberally construed, Plaintiff's *pro se* complaint appears to allege that Defendant Amos was "deliberately indifferent" to Plaintiff's medical needs in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). In order to establish a claim of "deliberate indifference," a prisoner must show (1) a serious, objective medical need; (2) deliberate indifference to that need on the part of a prison official; and (3) resulting harm. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The second prong of this test, the "deliberate indifference" prong, requires a showing of (1) subjective knowledge of a risk of serious harm; and (2) disregard of that risk; by (3) conduct that is "more than gross negligence." *Id.* at 1326-27.

Because Plaintiff fails to allege that Defendant Amos had any prior or contemporaneous subjective knowledge of the March 27 incident, Plaintiff fails to satisfy the "deliberate indifference" prong. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). As a result, Plaintiff's claim should be dismissed for 'failure to state a claim upon which relief can be granted." Rule 12(b)(6).

In his complaint, Plaintiff merely states that after he was given razors, he "asked to see [Defendant] Amos," and that he waited "a lengthy period of time . . . on [Defendant] Amos, who[] never appeared." (Doc. 1-1, p.5). These facts, even if accepted as true, do not suggest that Defendant Amos subjectively knew Plaintiff possessed razors in violation of his mental health profile. Therefore, they do not support a claim of deliberate indifference.

Because Plaintiff's allegations fail to raise a claim for relief against Defendant Amos, Plaintiff's March 27 claim against Defendant Amos should be dismissed. In addition, as discussed below, Plaintiff's April 5 claim against Defendant Amos should be dismissed for failure to exhaust, and Defendant Amos should be dismissed as a party to the case.

## THE APRIL 5 INCIDENT

On April 5, 2012, Plaintiff alleges that he revealed a razor already in his possession to Defendant Amos. Plaintiff claims that he then cut his forearm with the razor in Amos' presence, but that Amos "walked off without taking the proper steps."

### FAILURE TO EXHAUST

Defendant Amos argues that Plaintiff failed to exhaust his administrative remedies regarding his claim arising out of the April 5 occurrence. Amos argues that Plaintiff "did not file [an] appeal," (Doc. 50-1, p. 5-6), and supports her argument with the affidavit of Gary Caldwell, who states that Plaintiff "did not file an appeal regarding Grievance No. 117780," the grievance relevant to the April 5 occurrence. (Doc. 50-2, p. 6). Documents submitted by Defendant Williams also support Amos' argument. These documents show that Plaintiff received an unfavorable "Warden/ Superintendent's Response" to his informal grievance,[2] and that he then filed an unsuccessful formal grievance which he failed to appeal. (Doc. 58-1, p. 12).

Plaintiff argues that he was required to file grievances only with Defendant Amos, who "deliberately refused to meet her requirements," but this argument is not credible. (Doc. 58, p. 2). Plaintiff filed 16 different grievances in 2012 alone, of which three were denied on appeal, two were "resolved," and one was partially granted. (Doc. 48-3, p. 2). Most of the grievances

---

[2] Although Plaintiff's informal grievance was technically untimely, he received an unfavorable "Warden/ Superintendent's Response" on the merits.

available to the Court were filed with prison officials other than Defendant Amos, including the formal grievance relevant to the April 5 occurrence. Additionally, the GDOC Standard Operating Procedure does not indicate, as Plaintiff contends, that mental health prisoners may only file grievances with their mental health counselors. Even if it did, though, Plaintiff filed at least one grievance with "Tom Whitmore MHC" on "5/23/12," (Doc. 58-1, p. 11), and he fails to explain why he could not also have appealed the April 5 grievance to Tom Whitmore or another counselor.

On these facts, Defendant Amos has met her burden, at step two of the *Turner* review process, of demonstrating that Plaintiff failed to exhaust his available administrative remedies regarding the April 5 occurrence. Because Plaintiff failed to file an administrative appeal, and therefore failed to exhaust, the Court need not consider Defendant Amos' motion to dismiss for failure to state a claim.

## CONCLUSION

Plaintiff properly exhausted his available administrative remedies regarding his claims arising out of the March 27 occurrence. Since Defendant Williams' only argument was that Plaintiff failed to exhaust those administrative remedies, it is **RECOMMENDED** that Defendant Williams' Motion to Dismiss (Doc. 48) be **DENIED**, and that Plaintiff be allowed to pursue his claims against Defendant Williams. However, of Plaintiff's two claims against Defendant Amos, one is unexhausted and the other fails to state a claim upon which relief can be granted. Therefore it is **RECOMMENDED** that Defendant Amos' Motion to Dismiss (Doc. 50) be **GRANTED**, and that she be dismissed as a party from the case.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 16th day of October, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
