IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TREMAYNE WATSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:12-cv-451 (CAR) |
| | : | |
| **JUNE BISHOP,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 67], which addresses two separate motions to dismiss in *pro se* Plaintiff Tremayne Watson's § 1983 action. Specifically, the Magistrate Judge recommends that the Court deny Defendant Williams' Motion to Dismiss [Doc. 48] for failure to exhaust and grant Defendant Amos' Motion to Dismiss [Doc. 50] for failure to exhaust one claim and failure to state a claim as to the other. Both Plaintiff and Williams filed timely Objections to the Recommendation.[1] Having considered the parties' Objections and investigated these matters *de novo*, the Report and Recommendation [Doc. 67] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. The Court addresses each Objection in turn.

I.   **Plaintiff's Objection**

---

[1] The Court construes Plaintiff's October 22, 2013 Response [Doc. 70] as an Objection to the Magistrate Judge's Report and Recommendation.

In his Objection, Plaintiff largely restates the same arguments thoroughly addressed by the Magistrate Judge in his Report and Recommendation.  However, Plaintiff also asserts that his claim against Defendant Amos should not be dismissed for failure to exhaust because "the whole entire administration at the (S.M.U.) are notoriously known for falsifying documents."[2]  Plaintiff then asks, "Why all of a sudden … [does] the Plaintiff suddenly catches amnesia and forgets to turn his grievance appeal forms in on time?"[3]

Plaintiff's broad accusations and rhetorical questions do not contradict the Magistrate Judge's findings and conclusion that Plaintiff failed to file a timely administrative appeal.  The Court cannot accept vague and conclusory allegations in lieu of specific factual allegations.  Accordingly, Plaintiff's Objection is overruled.

## II.  Defendant Williams' Objection

Although Defendant Williams asked the Court to dismiss Plaintiff's claim for failure to timely exhaust administrative remedies, Williams now argues in his Objection that "the timeliness of Plaintiff's [administrative] appeal was not factually in dispute."[4]  In support of this proposition, Williams points to Plaintiff's Response, wherein Plaintiff asserts that "staff intentionally refuse to make weekly rounds so any inmate whom has a legitimate grievance argument against the (S.M.U.) time frame will expire before the grievance can be properly process[ed]."[5]  However, Plaintiff also states that:

---

[2] [Doc. 70, p. 2].
[3] *Id.*
[4] [Doc. 69, p. 3].
[5] [Doc. 57, p. 1].

- "[I]t's a policy that only a mental health counsler can process my grievance. Defendant Lashanda Amos was my mental Health Counseler;"[6]

- "Leslie Medlock whom is a general population counsler processed the grievance on her on time but technically and by policies she had no business interfering with my grievance procedure period because she is not mental health qualified;"[7] and

- "Lashanda Amos deliberately conspired with the general population counsler Leslie Medlock and had my grievance procedure post poned to the time length expired because the grievance implicated Def. Lashanda Amos."[8]

These statements do not unambiguously admit, as Williams appears to contend, that Plaintiff "failed to exhaust his administrative remedies because [he] failed to timely file his appeal."[9] Rather, they may indicate that Plaintiff timely filed his appeal on the date listed, "5/23/12," but his appeal was not properly processed.[10]

Williams' Reply also fails to adequately address the issue of timeliness. Williams simply argues that because a mental health counselor visited Plaintiff on May 25, 2012, Plaintiff had an opportunity to file a timely appeal.[11] However, the Reply does not indicate when Plaintiff filed his appeal, and it does not account for the date listed on the appeal form itself—"5/23/12."

Based on these facts, Williams has not met his burden of showing, at step two of the

---

[6] *Id.* at 2 (emphasis omitted). As indicated in the Report and Recommendation, neither the facts nor the written grievance policy support this assertion. [Doc. 67, pp. 7-8].
[7] [Doc. 57, p. 2] (emphasis omitted).
[8] *Id.* (emphasis omitted).
[9] [Doc. 69, p. 3].
[10] *See* [Doc. 48-4, p. 5]. Plaintiff had until May 28, 2012, to file a timely appeal. [Doc. 67, p. 5].
[11] [Doc. 65, p. 3].

3

*Turner* review process, that Plaintiff failed to timely exhaust his administrative remedies.[12] Thus, Williams' Objection is overruled.

## CONCLUSION

Based on the foregoing, the Report and Recommendation the Report and Recommendation [Doc. 67] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. Defendant Amos' Motion to Dismiss [Doc 50] is **GRANTED**, and Defendant Williams' Motion to Dismiss [Doc. 48] is **DENIED**.

**SO ORDERED**, this 9th day of April, 2014.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[12] *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) ("If the complaint is not subject to dismissal at the first step . . . [t]he defendants bear the burden of proving that the plaintiff . . . failed to exhaust").

4